UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER BOWDEN,

   Plaintiff,

v.                                    Case No. 3:23cv9401-LC-HTC

C.W. CATTNACH, et al.,

   Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' motion to dismiss some of Plaintiff's claims.[1] ECF Doc. 31. Plaintiff has filed a written opposition, ECF Doc. 33, and upon consideration of the parties' written submissions and the relevant law, the undersigned finds the motion should be granted in part and denied in part, as set forth herein. Also, because the motion does not address Plaintiff's First Amendment or Eighth Amendment claims against Defendants in their individual capacities, Defendants shall file an answer to those allegations in the complaint within **fourteen (14) days**.

---

[1] Although Defendants state in the opening paragraph of the motion that they seek to have the complaint dismissed, it is clear the motion does not seek to dismiss all claims.

## I. Background

Plaintiff, Christopher Bowden, an inmate of the Florida Department of Corrections ("FDOC") files this action pursuant to 42 U.S.C. § 1983, against three officers of Santa Rosa Correctional Institution ("SCRI"): (1) Sgt. C.W. Cattnach, Corrections Officer Antonio Gerenscer, and Correctional officer Brandon Jernigan (collectively, "Defendants"). ECF Doc. 1. Plaintiff alleges Defendants assaulted him during an escort at SCRI on April 11, 2023. Plaintiff alleges Defendants' actions were motivated, in part, to punish him for filing grievances and lawsuits against prison officials. Plaintiff alleges that he suffered bruises, lacerations, and nerve damage from the incident.

Defendants have moved to dismiss the following claims: (1) claims alleging Defendants violated the Florida Administrative Code; (2) claims against them in their official capacity; (3) claims alleging a substantive due process violation; (4) claims for injunctive relief; and (5) claim for punitive damages. As discussed below, the undersigned finds the motion should be granted in all respects, with the exception of the claim for punitive damages. *Id.* at 5.

## II. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6) for failing to state a claim upon which relief can be granted the Court must determine if the plaintiff has alleged enough plausible facts to support the claim stated. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (citation omitted).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth, *Twombly*, 550 U.S. at 555.

### III. Discussion

A. Violation of the Florida Administrative Code

In the complaint, Plaintiff alleges Defendants violated various rules set out in the Florida Administrative Code, including Fla. Admin. Code Ch. 33, Rule 601.800(14)(1)(3)(b); Rule 208.002(8), and Rule 602.210(9)(a).  In his statement of claims, Plaintiff contends that such violations "contributed to the misuse of force," which violated Plaintiff's due process rights under the Fifth and Fourteenth

Amendments.[2]  ECF Doc. 1 at 3.  He alleges, in conclusory fashion, that the FDOC regulations provided him with a state-created liberty interest.

It is well settled, however, that "[f]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference."  *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000); *see e.g., Sandin v. Conner,* 515 U.S. 472, 481–82 (1995) (holding that prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) (noting that "procedural requirements set out in [an administrative] regulation are not themselves constitutional mandates").  Thus, the undersigned agrees that to the extent Plaintiff bases his alleged due process violations on Defendants' failure to comply with the Florida Administrative Code, such claims should be dismissed.[3] *See e.g., Burlinson v. Francis*, 4:18-cv-595-MW/MAF, 2020 WL 5038793 at *5 (N.D. Fla. July 21, 2020) ("To the extent that Plaintiff bases his due process claim

---

[2] Plaintiff alleges the FDOC regulations required Defendants to put close management inmates in leg restraints during transport.  It is unclear, however, how such alleged failure contributed to the use of force incident.

[3] While the Court does not read Plaintiff's complaint as seeking to state a due process claim other than as based on Defendants' alleged violations of the Florida Administrative Code, to the extent Plaintiff is seeking to state a standalone due process claim, the undersigned agrees with Defendants that such claims are subject to dismissal.  An excessive force claim falls under the Eighth Amendment and a retaliation claim falls under the First Amendment.  Thus, as Defendants argue, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized motion of 'substantive due process,' must be the guide for analyzing these claims."  *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

or Eighth Amendment claim on the failure to comply with the Florida Administrative Code, that claim has no legal basis").

### B. Official Capacity Claims

It is also well settled that an official-capacity suit against an employee is treated as a suit against the governmental entity they represent—in this case, the Florida Department of Corrections ("FDOC"), an agency of the State of Florida. *See Farred v. Hicks,* 915 F.2d 1530 (11th Cir. 1990). Absent waiver, however, the Eleventh Amendment is an absolute bar to actions for monetary damages by an individual against a state or its agencies. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). The State of Florida has not waived immunity and Congress has not expressly abrogated state immunity in section 1983 cases of this type. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in Section 1983 damage suits, . . . [and] Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted). In Plaintiff's response he appears to concede that the official capacity claims should be dismissed. Therefore, the undersigned recommends the official capacity claims against all Defendants be dismissed.

C. Declaratory and Injunctive Relief

As stated above, the Eleventh Amendment bars suits against any "arm of the state," including "agents and instrumentalities of the [s]tate." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (plurality opinion). However, "official-capacity actions for prospective relief are not treated as actions against the State." *Graham*, 473 U.S. at 167, n.14 (citing *Ex parte Young,* 209 U.S. 123 (1908)). In *Ex parte Young*, the Supreme Court recognized a narrow exception to the general rule of state immunity to allow suits against a state official for prospective equitable relief to end a continuing violation of federal law. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997) (recognizing continued validity of *Ex parte Young*); *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Services*, 225 F.3d 1208, 1219 (11th Cir. 2000). In his response, Plaintiff also appears to concede that his claims for injunctive relief should be dismissed. Even had Plaintiff not made such a concession, such claims would be subject to dismissal because neither Plaintiff's claim for declaratory relief nor his claim for injunctive relief meet the *Ex parte Young* exception.

"The availability of this doctrine turns, in the first place, on whether the plaintiff seeks retrospective or prospective relief." *Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1219. "Prospective relief is designed to avoid future harm." *Luckey v. Harris*, 860 F.2d 1012, 1017 (11th Cir. 1988) (citing *Swifte & Co. v. United States*,

276 U.S. 311, 326 (1928). The Eleventh Amendment, therefore, generally does not bar the exercise of the judicial power of the United States where a plaintiff seeks to compel a state officer to comply with federal law. *Ex parte Young*, 209 U.S. at 158-59. "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

As the Supreme Court has explained: "*Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation." *Id.* at 277-78. Thus, a plaintiff may not use the doctrine to adjudicate the legality of past conduct. *See id*.

To determine whether the doctrine of *Ex parte Young* applies, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S.

635, 645 (2002) (citations omitted). "The court need not look to the merits of the suit to determine whether *Young* applies; an allegation in the complaint will suffice." *Henderson v. Thomas*, 891 F. Supp. 2d 1296, 1313 (M.D. Ala. 2012) (finding plaintiffs "alleged an ongoing violation of federal law" where plaintiffs alleged "Defendants *are violating* Plaintiffs' rights under Title II of the ADA and Section 504 of the Rehabilitation Act") (emphasis in original).

In the motion, Defendants argue Plaintiff's claims for declaratory relief should be dismissed because Plaintiff is seeking a declaration regarding past, not future conduct. The undersigned agrees. Plaintiff complains about conduct that occurred in the past – namely on April 11, 2023. Nowhere does Plaintiff allege the Defendants (or the FDOC, for that matter) is engaged in an ongoing violation of federal law. Thus, Plaintiff's claims for declaratory and injunctive relief clearly do not fall within the *Ex parte Young* exception and should be dismissed.[4]

### D. Punitive Damages

Finally, Defendants argue that punitive damages in this action are barred by 18 U.S.C. § 3626(a)(1)(A), ECF Doc. 31 at 8, because they are "*never* necessary to

---

[4] Defendants divide their declaratory judgment and injunction claim into separate arguments. Although Defendants point to *Ex parte Young* in their discussion of the why the declaratory judgment claim should be dismissed, they argue that the claim for injunctive relief should be dismissed because these Defendants cannot change Plaintiff's custody classification. That argument, however, misses the point that Defendants have been sued in their official capacity. Thus, injunctive relief could be awarded. However, the claim nonetheless fails because of *Ex parte Young*.

Case No. 3:23cv9401-LC-HTC

correct a violation of a Federal right," *id.* at 9 (emphasis added), and such an award cannot meet the stringent limitations imposed by the statute, *id.* at 9.  Despite making this argument, Defendants acknowledge that the Eleventh Circuit has held otherwise, or, at a minimum, left the question open.

Defendants acknowledge, for example, that Eleventh Circuit specifically held in *Hoever v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021), that punitive damages could be recovered under the PLRA regardless of physical injury.  Defendants further acknowledge that *Johnson v. Breeden,* 280 F.3d 1308, 1325-26 (11th Cir. 2002), the Eleventh Circuit specifically interpreted § 3626(a)(1)(A) as *not* barring punitive damages in a federal rights violation action.  While Defendants appear to question whether this Court is bound by *Johnson*, what is relevant is that Defendants point to no countervailing authority to support their interpretation of § 3626(a)(1)(A).  Thus, the Court finds that § 3626 does not impose a categorical prohibition on an award of punitive damages.  *See Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1379-80 (M.D. Fla. 2013) (finding prisoner was entitled to $15,000 in punitive damages for violations of his First and Fourteenth Amendment rights).

Moreover, "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights.'"  *Barnett v. MacArthur*, 715 F. App'x 894, 905 (11th Cir. 2017) (quoting *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1089

(11th Cir. 1986)).  Here, Plaintiff alleges that Defendants gratuitously assaulted him for purposes of punishing him for filing grievances and lawsuits.  Given those allegations, the Court cannot say at this juncture in the proceedings, before any discovery is obtained, that there is no way Plaintiff can recover punitive damages.  While Plaintiff may ultimately be unsuccessful in proving his claims or establishing the requisite intent, that determination is for another day.  Defendants' motion should, therefore, denied, as to punitive damages.

Accordingly, it is ORDERED:

1. Defendants shall file an answer to Plaintiff's Eighth Amendment and First Amendment claims against them in their individual capacities within fourteen (14) days of this Order.

And it is RECOMMENDED:

1. That Defendants' partial motion to dismiss, ECF Doc. 31, be GRANTED IN PART AND DENIED IN PART.  Specifically, the motion be GRANTED as to Plaintiff's claims against Defendants in their official capacity, Plaintiff's Fifth Amendment and Fourteenth Amendment claims, Plaintiff's claims based on Defendants' violations of the Florida Administrative Code or other regulations, Plaintiff's claim for declaratory relief, and Plaintiff's claim for injunctive relief.  The motion be DENIED as to Plaintiff's claim for punitive damages.

2.  That this matter be referred to the undersigned for further proceedings.

At Pensacola, Florida, this 25th day of September, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.